837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jerry L. MILLS, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 No. 87-3380.
 United States Court of Appeals, Federal Circuit.
 Dec. 17, 1987.
 
 Before DAVIS, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 DAVIS, Circuit Judge.
 
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), Docket No. AT07528710149, sustaining petitioner's removal from his position with respondent, are affirmed.
 
 OPINION
 
 2
 Petitioner was a Housekeeping Aide at the Veterans Administration Hospital, Miami, Florida (VA). He was charged with, and removed for, (1) possession and use of illegal drugs while on duty, and (2) not being ready, willing and able to work. He appealed to the MSPB. After a hearing, the MSPB's administrative judge found that petitioner was discovered, within the hospital, secretly smoking a marijuana cigarette. Mills claimed harassment and "planting" by the officer who discovered him engaged in this activity, but the administrative judge rejected that contention. There is more than substantial evidence (including the testimony of another officer who was present) for this determination not to believe petitioner's version.
 
 
 3
 The other charge was supported by proof that petitioner stopped reporting for duty after the marijuana incident. After three months of repeated contact with him by VA management, in which petitioner often said that he did not want to work for the hospital anymore, and after he had supplied a letter from a psychiatrist stating that Mills was suffering from a severe depression which precluded him from reporting for duty, the agency found him not ready, willing and able to work. This determination was upheld by the administrative judge, and there obviously was substantial evidence sustaining it.
 
 
 4
 These two acts of misconduct were sufficient to warrant his removal from his position. The nexus between those acts and the efficiency of the service is plain, and the penalty is appropriate for those acts. The alleged procedural errors in the MSPB proceedings have no merit.